IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRETT DOUGLAS JONES, <br> No. 2018-05850, <br><br> Petitioner, <br><br> vs. <br><br> GRANITE CITY POLICE <br> DEPARTMENT et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )   Case No. 22−cv–1656-DWD <br> ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On July 25, 2022, *Pro se* Petitioner Garrett D. Jones filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). At the time of filing, he was a pretrial detainee being held in the Madison County Jail on state criminal charges (forgery, two counts of resisting arrest, escape from a penal institution, and obstruction of identification) in Case No. 22-CF-1220. Jones claims that his detention is unlawful because (1) he was not given a probable cause hearing within 48-hours of his arrest, (2) his due process rights have somehow been violated, and (3) his docket sheet contains conflicting information regarding the date of his alleged offenses.

At the time of filing, Jones did not appear to be "in custody pursuant to a judgment of a State court" within the meaning of § 2254. Accordingly, it appears that the Petition was properly filed pursuant to § 2241. *See Neville v. Cavanagh*, 611 F.2d 673, 674 (7th Cir. 1979) (in certain instances, federal courts have jurisdiction under 28 U.S.C. § 2241 to grant

writ to pre-trial detainees in state custody). The Madison County Court docket for Case No. 22-CF-1220, however, indicates that on August 30, 2022, Jones was sentenced, and the criminal case was closed. Accordingly, it appears that Jones is now in custody pursuant to the judgment of conviction of a state court, meaning habeas relief under § 2241 is no longer available. Instead, Jones would need to seek relief pursuant to § 2254.

## Discussion

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

As previously noted, it appears that Jones is no longer a pretrial detainee and that he must seek relief, if at all, pursuant to § 2254. However, as is discussed more fully below, the petition is due to be dismissed under either § 2241 or § 2254.

Federal courts must abstain from interfering with pending state proceedings to enforce a state's criminal laws if the defendant has the opportunity to raise any possible federal claim in state court and no exceptional circumstances exist. *Olsson v. Curran*, 328 F. App'x. 334, 335 (7th Cir. 2009); *see also Sweeney v. Bartow,* 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Exceptions exist for speedy trial and double jeopardy claims where, without immediate federal intervention, the challenge would become moot. *Sweeney*, 612 F.3d at 573. The Seventh Circuit has held that for state

pretrial detainees, federal habeas corpus relief generally is available on these kinds of claims "only after the petitioner has exhausted his state court remedies." *Olsson*, 328 F. App'x. at 335 (affirming the dismissal of a petition where the petitioner had not exhausted his state court remedies or presented any exceptional circumstances to justify enjoining the state court proceeding).

The exhaustion requirement is also applicable to petitions brought pursuant to 28 U.S.C. § 2254. Under 28 U.S.C. § 2254(b), this Court cannot grant an application for a writ of habeas corpus from a convicted state prisoner unless he has first "exhausted the remedies available in the courts of the State;" "there is an absence of available State corrective process;" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) & (B).

A review of Illinois state court records fails to reveal that Jones ever sought relief in any Illinois court for the issues he now raises, much less that he has exhausted his remedies in state court. Because Jones has not exhausted his remedies in state court, he is not entitled to relief in federal court at this time under either §2241 or §2254.

Additionally, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43 (1971), provides grounds for refraining from considering Jones' claim for habeas corpus relief. Under *Younger*, federal courts must abstain from interference in pending state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention

3

inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982)).

Here, although Jones' criminal case has been closed, the pleadings indicate that his state proceeding is still ongoing – he filed a motion to withdraw his guilty plea on October 3, 2022, and that motion is still pending. Further, no exceptional circumstances are present here that would make abstention inappropriate.[1]

## Disposition

For these reasons, Garrett D. Jones' Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. The dismissal is without prejudice to Jones pursuing his claims in the Illinois state courts, or to bringing a new habeas petition after fully exhausting his claims through the state courts.

If Jones wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Jones plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Jones does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

---

[1] Exceptional circumstances that involve double jeopardy, a speedy trial violation, or bad faith prosecution may allow a federal court to grant relief even where state proceedings are ongoing. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *Green*, 281 F.3d at 666.

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because no reasonable jurist would disagree with this Court's ruling. *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir.2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: October 12, 2022**

United States District Judge